### FONG YOU TUN et al. v. NAGLE, Immigration Com'r.

(Circuit Court of Appeals, Ninth Circuit. December 3, 1923.)

No. 4039.

**Aliens ⬤⟿32(13)—Order for deportation of Chinese person affirmed.**

The admission of one of three Chinese boys applying for admission as minor sons of a resident Chinese merchant, on corroborative evidence of the relationship, *held* not to invalidate an order for the exclusion of another, as to whom there was not such corroboration.

Habeas Corpus. On petition of Fong You Tun and Fong You Fook against John D. Nagle, Commissioner of Immigration for the Port of San Francisco, for writ of habeas corpus. Denied.

Dion R. Holm, of San Francisco, Cal., for appellants.

John T. Williams, U. S. Atty., and Alma M. Myers, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. On October 12, 1922, Fong You Tun, Fong You Mon, and Fong You Fook applied at the port of San Francisco for admission into the United States as minor sons of Fong Foo, a resident Chinese merchant. The applications were denied by the local immigration authorities, and appeals taken to the Secretary of Labor were, in the first instance, dismissed. Later the Secretary reconsidered the appeal of Fong You Tun, the youngest of the three applicants, and upon such reconsideration the appeal was sustained, and the decision of the immigration authorities reversed as to him, leaving the original decision intact as to the other two. Fong You Mon has been deported, and the case is now before us on the appeal of Fong You Fook from an order dismissing a petition for a writ of habeas corpus.

It is conceded in the brief of the appellant that Fong You Mon was properly deported, and it was conceded on the argument that all three applications might well have been denied, because of conflicts and discrepancies in the testimony of the alleged father and the several applicants. The alleged father testified that the three applicants were his sons, and each of the applicants testified that Fong Foo was his father and the other two applicants his brothers. If this testimony was false as to the relationship of Fong You Mon, that fact of itself would so far discredit the testimony of all four witnesses that it should not be accepted, unless corroborated by credible testimony from some independent source. The Secretary of Labor found such corroboration in the striking and convincing resemblance between the applicant Fong You Tun and the alleged father, and admitted the applicant accordingly. Whether this resemblance was sufficient to establish the relationship is not for us to decide, because the mere fact that the applicant was admitted by reason of that resemblance cannot justify the reversal of an order excluding another applicant where no such corroboration was found.

The judgment of the court below is therefore affirmed.